IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAYON D. ESAW,<br><br>    Petitioner,<br><br>    v.<br><br>LINDA GETER,<br><br>    Respondent. | CIVIL ACTION NO.: 2:20-cv-106 |

### REPORT AND RECOMMENDATION

Petitioner Rayon Esaw ("Esaw"), who is currently incarcerated at the Federal Correctional Complex in Coleman, Florida, filed a converted 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Federal Correctional Institution in Jesup, Georgia. Doc. 8.  After Esaw was transferred to a penal institution outside of this District, his counsel filed a Motion to Retain Jurisdiction, and Respondent filed a Response. Docs. 21, 23. Respondent filed a Motion to Dismiss, and Esaw filed a grossly untimely Response. Docs. 22, 24. For the following reasons, I **RECOMMEND** the Court **GRANT** Esaw's Motion to Retain Jurisdiction, **GRANT** Respondent's Motion to Dismiss, and **DISMISS without prejudice** Esaw's Petition for failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Esaw leave to appeal *in forma pauperis*.

### BACKGROUND

The District Court for the District of Alaska sentenced Esaw in August 2019 to an 18-month term of imprisonment for a supervised release violation and a 90-month term of

imprisonment for a separate distribution of a controlled substance charge, to be served consecutively to each other and to any future State of Alaska sentence. Doc. 22 at 2–3; Doc. 22-1 at 8–9, 13–14. The District Court recommended Esaw serve his state sentence before being placed in the Bureau of Prisons' ("BOP") custody. Doc. 22-1 at 9, 14. Esaw has a projected release date of May 20, 2026, via good conduct time release. Id. at 24.

Esaw originally filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence in the District Court for the District of Alaska. Doc. 2. Esaw, through appointed counsel, later amended his Motion and converted his Motion to a § 2241 Petition. Doc. 8. The District Court for the District of Alaska transferred Esaw's Petition to this Court, as Esaw was housed in the Southern District of Georgia at the time. Doc. 13.

In his Petition, Esaw asserts the BOP abused its discretion by transferring him to a BOP facility instead of having him complete his state sentence first, despite the sentencing court's judgment to the contrary. Doc. 8; Doc. 13 at 2. Respondent asserts Esaw did not exhaust his administrative remedies, as required. Doc. 22 at 4. In addition, Respondent contends Esaw is properly in federal custody.[1] Id.

## DISCUSSION

I. **Whether Esaw Exhausted His Administrative Remedies**

A. **Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not

---

[1] It appears Esaw has not been sentenced by the State of Alaska, as that authority has a detainer lodged against him for a parole violation. Doc. 22-1 at 4, 34.

2

congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475).[2] Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of

---

[2]   The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted*, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). Here, the Court has opted to address exhaustion.

3

prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[3]

The United States Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

---

[3]     Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" lower courts must employ when examining the issue of exhaustion of administrative remedies.[4] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in

---

[4] Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case.  See Bryant, 530 F.3d at 1376–77.

### C.      Analysis of Esaw's Efforts at Exhaustion

Respondent states Esaw has not submitted any administrative remedies with the BOP regarding his request to be transferred to state custody, and his Petition should be dismissed for failure to exhaust administrative remedies.  Doc. 22 at 5–6.

Esaw's Response, which was due on or before April 20, 2021, but was not filed until June 25, 2021, consists of four pages.  Doc. 24.  None of these pages contain substantive argument.  Id.  Instead, counsel submitted a copy of Esaw's Regional Administrative Remedy, which is dated June 17, 2021, and a copy of the Warden's June 15, 2021 denial of Esaw's remedy request.  Doc. 24-1.

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment.  28 C.F.R. § 542.10 *et seq*.  The Administrative Remedy Program applies to all inmates incarcerated in penal institutions operated by the BOP.  § 542.10(b).  Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff.  § 542.13(a).  If this does not resolve the matter, an inmate must submit a formal written administrative remedy request ("BP-9") within 20 calendar days of the incident giving rise to the grievance.  § 542.14(a).  If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response. § 542.15(a).  If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id.  Appeal to the BOP's Office of General

6

Counsel is the final step in the BOP's administrative remedy process. Id. Inmates must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.

The evidence before the Court reveals Esaw has not completed the administrative remedies process regarding the claims raised in his Petition. In fact, the evidence reveals Esaw only began the process on June 17, 2021, which is more than a year after Esaw filed a cause of action seeking relief. Doc. 24-1 at 1. Respondent, in contrast, presents evidence Esaw had not begun the administrative remedies process at the time of filing the Motion to Dismiss. Edith Rohmer, a management analyst at the Designation and Sentence Computation Center, declares Esaw did not "file[] any administrative remedies challenging his sentence calculation[,] location of its service, or request for transfer to state custody." Id. at 4. In support of her declaration, Ms. Rohmer cites to Esaw's administrative remedy information through the SENTRY database. Id. & at 36. Indeed, this information reveals Esaw had filed one administrative remedy as of February 10, 2021, the date Ms. Rohmer executed her declaration, and this remedy concerned disciplinary sanctions and was filed in 2005. Id. at 4, 37.

The only evidence before the Court regarding Esaw's attempts at exhaustion reveals Esaw has not completed the administrative remedies request process regarding the claims he raises in his Petition. There is no evidence Esaw pursued this process until nearly a year after he filed his converted Petition on July 22, 2020, doc. 8, or otherwise pursued the process through to its completion prior to filing this cause of action on June 4, 2020. Bryant, 530 F.3d at 1378 (noting all steps in the administrative remedies process must be completed before a party files a cause of action with a court).

Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Esaw's claims based on his failure to exhaust his available administrative remedies prior to the filing of his converted § 2241 Petition. It is unnecessary to address the remaining ground of Respondent's Motion. Holdago v. United States, Civil Action No. 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), *adopted by* 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Esaw leave to appeal *in forma pauperis*. Though Esaw has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Esaw's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Esaw *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Esaw's Motion to Retain Jurisdiction, **GRANT** Respondent's Motion to Dismiss, and **DISMISS without prejudice** Esaw's Petition for failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Esaw leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA